1  Andrew H. Friedman
2  State Bar No. 153166
   **HELMER – FRIEDMAN, LLP**
3  723 Ocean Front Walk
   Venice, California  90291
4  Telephone:  310.396.7714
5  Facsimile:   310.396.9215

6  Jeffrey W. Cowan
7  State Bar No. 157474
   **THE COWAN LAW FIRM**
8  1541 Ocean Avenue, Suite 200
9  Santa Monica, California 90401
   Telephone:  310.394.1420
10 Facsimile:   310.394.1430

11
   Attorneys for Plaintiffs and Proposed Class
12 Representatives
   JOHN JOSEPH SAINT JOHN, JULIO
13 CESAR FLORES, ANTONIO AGUILAR,
14 et al.

15          **UNITED STATES DISTRICT COURT**
16 **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

17 JOHN JOSEPH SAINT JOHN, JULIO          CASE NO.  EDCV 08-01909-JZ(RZx)
18 CESAR FLORES, ANTONIO
   AGUILAR, individually and on behalf     (San Bernardino Superior Court Case
19 of all others similarly situated,        No. CIVMS 800936)

20              Plaintiffs,              **FIRST AMENDED CLASS
                                         ACTION COMPLAINT FOR
21        v.                             DECLARATORY AND
                                         INJUNCTIVE RELIEF AND
22 TATITLEK SUPPORT SERVICES,            DAMAGES FOR:
   INC., a corporation,
23 TATITLEK/FORCE                        **1.  VIOLATION OF LABOR CODE
   PREPAREDNESS TRAINING                 §§ 510 and 1198;**
24 SERVICES, INC., a corporation, and
   DOES 1 through 75, inclusive,         **2.  VIOLATION OF LABOR CODE
25                                        §§ 226(a);**
                Defendants.
26                                       **3.  VIOLATION OF LABOR CODE
                                         §§ 201 AND 202;**
27
                                         **4.  VIOLATION OF LABOR CODE**
28

– 1 –
**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND DAMAGES**

§§ 226.7(a) AND 512(a);

**5.  BREACH OF ORAL CONTRACT**

**6. CONVERSION AND THEFT OF LABOR;**

**7.  VIOLATION OF LABOR CODE § 2802;**

**8.  VIOLATION OF IWC WAGE ORDERS;**

**9.  COMMON COUNTS FOR WORK, LABOR AND SERVICES PROVIDED**

**10.  VIOLATION OF BUSINESS AND PROFESSION CODE §§ 17200, ET SEQ.**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs JOHN JOSEPH SAINT JOHN, JULIO CESAR FLORES, AND ANTONIO AGUILAR (hereinafter collectively referred to as "PLAINTIFFS"), individually and on behalf of all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.      Defendants TATITLEK SUPPORT SERVICES, INC. and TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. (collectively referred to hereinafter as "TATITLEK" or "Tatitlek") provide the United States Marine Corps in Twentynine Palms, California, with personnel (referred to as "Role Players" by defendant TATITLEK) to interact with Marine Corps troops in realistic pre-deployment training exercises during which defendant TATITLEK's personnel re-created what it will be like for the U.S. troops to patrol in an Iraqi Village.

2.      Defendant TATITLEK engaged in the unlawful wage and hour

**FIRST AMENDED CLASS ACTION COMPLAINT**

practice of misclassifying the personnel that it provided to the Marine Corps at Twentynine Palms as independent contractors (rather than as its employees) so that it could avoid having to pay employer taxes or **overtime wages**. As a result of defendant TATITLEK's mis-classification, defendant TATITLEK avoided payment of state and federal taxes that should have been borne by it. Similarly, as a result of defendant TATITLEK's mis-classification, defendant TATITLEK failed to provide its employees (including those individuals who should have been classified as employees) with itemized wage statements as required by Labor Code § 226. As a result of defendant TATITLEK's knowingly and intentionally failure to provide its employees (including those individuals who should have been classified as employees) with their itemized wage statements, each Plaintiff suffered injury.

       3.     Defendant TATITLEK also engaged in the unlawful wage and hour practice of failing to pay its employees (including those individuals who should have been classified as employees but were unlawfully classified as independent contractors) prevailing wages and benefits.

       4.     Defendant TATITLEK also engaged in the unlawful wage and hour practice of failing to pay its non-exempt employees (including those individuals who should have been classified as employees but were unlawfully classified as independent contractors) overtime.

       5.     Defendant TATITLEK also engaged in the unlawful wage and hour practice of causing its employees (including those individuals who should have been classified as employees but were unlawfully classified as independent contractors) to work more than six days in seven in violation of Labor Code §§ 551 and 552.

       6.     Defendant TATITLEK violated Section 5 of California's IWC Wage Order (i.e., California's "reporting time" or "show up" pay law) by requiring its employees to report to work on "Day Zero" of the training exercises and not

**FIRST AMENDED CLASS ACTION COMPLAINT**

paying them the greater of (1) half the employee's usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of pay.

7.      Defendant TATITLEK engaged in the unlawful wage and hour practice of either failing to ensure that its employees took or not allowing its non-exempt employees (including those individuals who should have been classified as employees but were unlawfully classified as independent contractors) to take: (1) an uninterrupted 30 minute meal period when employed for a work period of more than 5 hours per day as required by Labor Code §§ 512 and 226.7; (2) a second uninterrupted 30 minute meal period when employed for a work period of more than 10 hours per day as required by Labor Code §§ 512 and 226.7; and (3) a ten (10) minute rest period for every four (4) hours worked.  In this regard, Defendant TATITLEK knew or should have known that its employees, including PLAINTIFFS, were not being provided with and not being allowed to take their meal and rest periods and defendant TATITLEK either did not take steps to address the situation or affirmatively allowed these violations to occur.

8.      Defendant TATITLEK violated Labor Code Section 201 by not immediately paying its employees when it released them after they completed each specific job assignment for which they were hired.  Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable to each such employee for a waiting time penalty of up to thirty (30) day's pay for each such job assignment.

## JURISDICTION AND VENUE

9.      The Court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.

10.     Venue is proper in this County in accordance with § 395(a) of the California Code of Civil Procedure because Defendants entered into contracts with its employees in this County.  Venue is also proper in this County pursuant to

- 4 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

California C.C.P. § 395.5 because Defendants are corporations and a substantial portion of the underlying transactions and events complained of herein occurred in this County and Defendants have received substantial compensation from such transactions and business activity in this County.

### PARTIES

11.    Plaintiff JOHN JOSEPH SAINT JOHN is an individual who, at relevant times during the events alleged herein, resided in Los Angeles County, California.  Plaintiff JOHN JOSEPH SAINT JOHN was, at all relevant times mentioned herein, an "employee" (within the meaning of the California Labor Code) of Defendant TATITLEK.

12.    Plaintiff JULIO CESAR FLORES is an individual who, at relevant times during the events alleged herein, resided in Los Angeles County, California.  Plaintiff JULIO CESAR FLORES was, at all relevant times mentioned herein, an "employee" (within the meaning of the California Labor Code) of Defendant TATITLEK.

13.    Plaintiff ANTONIO AGUILAR is an individual who, at relevant times during the events alleged herein, lived in Los Angeles County, California.  Plaintiff ANTONIO AGUILAR was, at all relevant times mentioned herein, an "employee" (within the meaning of the California Labor Code) of Defendant TATITLEK.

14.    PLAINTIFFS are informed and believe, and thereon allege, that defendant TATITLEK SUPPORT SERVICE, INC. is and, at all times mentioned herein, was a corporation or other business entity qualified to and doing business in the State of California.  PLAINTIFFS are further informed and believe, and thereon allege, that defendant TATITLEK is and was, at all relevant times mentioned herein, an "employer" within the meaning of the California Labor Code.

**FIRST AMENDED CLASS ACTION COMPLAINT**

15.     PLAINTIFFS are informed and believe, and thereon allege, that defendant TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. is and, at all times mentioned herein, was a corporation or other business entity qualified to and doing business in the State of California.  PLAINTIFFS are further informed and believes and thereon allege, that defendant TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. is and was, at all relevant times mentioned herein, an "employer" within the meaning of the California Labor Code.

16.     PLAINTIFFS are informed and believe, and thereon allege, that defendant TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. is either a wholly owned subsidiary or division of defendant TATITLEK SUPPORT SERVICE, INC. and that defendants TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. and TATITLEK SUPPORT SERVICE, INC. have common management, centralized control of labor relations, common ownership and financial control, overlapping employees and interrelated operations such that these entities operated as a single, integrated enterprise with regard to the employment of PLAINTIFFS.  Alternatively, PLAINTIFFS are informed and believe and thereon alleges defendants TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC. and TATITLEK SUPPORT SERVICE, INC. were their joint employers.

17.     The true names and capacities, whether corporate, associate, individual or otherwise of defendants DOES 1 through 75, inclusive, are unknown to PLAINTIFFS, who therefore sues said defendants by such fictitious names. Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to PLAINTIFFS, as herein alleged.  PLAINTIFFS will file a Doe Amendment(s) and/or seek leave of Court to amend this Complaint to show the true names and capacities of the DOE

- 6 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

defendants when the same have been ascertained.

18.    At all times mentioned herein, defendants, and each of them, were the agents, representatives, employees, successors and/or assigns, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors and/or assigns.

### FACTUAL ALLEGATIONS

19.    Pursuant to a contract with the United States, defendant TATITLEK hired individuals to work at the Marine Corps base at Twentynine Palms, California as Role Players.  Although defendant TATITLEK misclassified these individuals as independent contractors, they were actually employees. Among other things, these employees of defendant TATITLEK were employed to interact with U.S. Marine Corps troops in realistic pre-deployment training exercises during which defendant TATITLEK's personnel re-created what it will be like for the troops to patrol in an Iraqi Village.  PLAINTIFFS were  such employees.  At no time before, during, or after these periods of employment did MR. SAINT JOHN, MR. FLORES, MR. AGUILAR, or any of the other class members enter into a written agreement with defendant TATITLEK with respect to the taking of an on-the-job paid meal period.

20.    Defendant TATITLEK, seeking to circumvent and avoid its legal obligation to (a) pay overtime and provide meal and rest breaks to its employees and (b) remit employer taxes to the taxing authorities of the United States and California, misclassified these employees, including PLAINTIFFS, as independent contractors, rather than as employees.  As such, defendant TATITLEK unlawfully not only failed to deduct payroll taxes from the wages of Plaintiffs but also failed to pay the employer payroll taxes.  As a result of defendant TATITLEK's unlawful decision to misclassify these employees, including PLAINTIFFS, as independent contractors rather than employees, these

- 7 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

employees, including PLAINTIFFS, were forced to incur more liability for social security taxes than they would have if they been properly classified as employees.

21.     Similarly, as a result of defendant TATITLEK's mis-classification, defendant TATITLEK failed to provide its employees, including PLAINTIFFS, with itemized wage statements as required by Labor Code § 226.

22.     Defendant TATITLEK failed to pay its employees, including PLAINTIFFS, prevailing wages and benefits.

23.     Defendant TATITLEK failed to pay its employees, including PLAINTIFFS, overtime.

24.     Defendant TATITLEK engaged in the unlawful wage and hour practice of causing its employees,  including PLAINTIFFS, to work more than six days in seven in violation of Labor Code §§ 551 and 552.

25.     Defendant TATITLEK engaged in the unlawful wage and hour practice of either failing to provide or not allowing its non-exempt employees (including PLAINTIFFS and the class members) to take: (1) an uninterrupted 30 minute meal period when employed for a work period of more than 5 hours per day as required by Labor Code §§  512 and 226.7; (2) a second uninterrupted 30 minute meal period when employed for a work period of more than 10 hours per day as required by Labor Code §§ 512 and 226.7; and (3) a ten (10) minute rest period for every four (4) hours worked.  In this regard, Defendant TATITLEK knew or should have known that its employees were not being provided with and not being allowed to take their meal and rest periods and defendant TATITLEK did not take steps to address the situation.

26.     Defendant TATITLEK violated Section 5 of California's IWC Wage Order (i.e., California's "reporting time" or "show up" pay law) by requiring its employees to report to work on "Day Zero" of the training exercises and not paying them the greater of (1) half the employee's usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of

**FIRST AMENDED CLASS ACTION COMPLAINT**

pay.

27.     Defendant TATITLEK violated Labor Code Section 201 by not immediately paying its employees when it released them after they completed each specific job assignment for which they were hired.  Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable to each such employee for a waiting time penalty of up to thirty (30) day's pay for each such job assignment.

28.     Defendant TATITLEK required its employees to spend the night in re-worked Connex boxes that did not have electricity or lighting. As a consequence, the employees necessarily and reasonably had to purchase lanterns, flashlights, and batteries to use for lighting at night.  Defendant TATITLEK violated Labor Code Section 2802 by not indemnifying the employees for these expenses.

29.     California law provides that sleeping time while on duty constitutes compensable "hours worked" unless both of the following requirements are satisfied: (1) the employer and employee enter into an agreement to exclude from hours worked a bona fide regularly scheduled sleeping period; and (2) the following non-waiveable conditions are satisfied: (a) the employee is able to enjoy an uninterrupted 5 hours of sleep; and (b) any interruptions of the sleeping period by a call to duty are counted as hours worked.  Because defendant Tatitlek neither entered into such an agreement with its employees nor satisfied the non-waiveable conditions (i.e., its employees were neither able to enjoy an uninterrupted 5 hours of sleep nor were they compensated for time worked when their sleep was interrupted by a call to duty), it was obligated to, but did not, compensate its employees for sleep time.

30.     PLAINTIFFS are informed and believes and thereon allege that at all times herein mentioned, defendant TATITLEK was advised by skilled and knowledgeable lawyers, human resources personnel and other professionals, employees and advisors who were aware of California's employment wage and

**FIRST AMENDED CLASS ACTION COMPLAINT**

hour laws, about the requirements of California law.

31.    Defendant TATITLEK knew or should have known that PLAINTIFFS and other members of the class were improperly classified as independent contractors, were not receiving prevailing wages, were not being paid overtime, were not receiving itemized wage statements, were not receiving legally mandated meal and rest periods, were not receiving one hour of pay on the occasions when they did not receive or were not allowed to take their legally mandated meal and rest periods, did not receive their total wages owed following the termination of their employment, because, among other things, defendant TATITLEK's officers, managers, supervisors, agents and employees were responsible for and/or witnessed such events.

## PLAINTIFF SAINT JOHN'S  FACTUAL ALLEGATIONS

32.    In or about April 2006,  MR. SAINT JOHN began employment with Defendant TATITLEK.  MR. SAINT JOHN's employment lasted through about March 2008.  At no time before, during, or after these periods of employment did MR. SAINT JOHN enter into a written agreement with defendant TATITLEK with respect to the taking of an on-the-job paid meal period.

33.    During his employment, MR. SAINT JOHN was a "role player."

34.    During his employment, MR. SAINT JOHN was unlawfully treated by Defendant TATITLEK as an independent contractor and not as an employee.  As a result of defendant TATITLEK's mis-classification, defendant TATITLEK did not pay all of the employment-related taxes (including social security taxes) that should have been borne by it. Similarly, as a result of defendant TATITLEK's mis-classification, defendant TATITLEK failed to provide MR. SAINT JOHN with itemized wage statements as required by Labor Code § 226.

**FIRST AMENDED CLASS ACTION COMPLAINT**

35.     During his employment, defendant TATITLEK failed to pay MR. SAINT JOHN prevailing wages and benefits.

36.     During each period of employment, MR. SAINT JOHN worked more than 8 hours in a day and more than 40 hours in a week and defendant TATITLEK failed to pay MR. SAINT JOHN overtime pay.

37.     Defendant TATITLEK engaged in the unlawful wage and hour practice of causing MR. SAINT JOHN to work more than six days in seven in violation of Labor Code §§ 551 and 552.

38.     Defendant TATITLEK either failed to provide or regularly failed to allow MR. SAINT JOHN to take: (1) an uninterrupted 30 minute meal period when employed for a work period of more than 5 hours per day as required by Labor Code §§ 512 and 226.7; and (2) a second uninterrupted 30 minute meal period when employed for a work period of more than 10 hours per day as required by Labor Code §§ 512 and 226.7; and (3) a ten (10) minute rest period for every four (4) hours worked.  In this regard, Defendant TATITLEK knew or should have known that its employees, including PLAINTIFFS, were not being provided with or were not being allowed to take their meal and rest periods and defendant TATITLEK did not take steps to address the situation.

39.     During his employment, Defendant TATITLEK violated Section 5 of California's IWC Wage Order (i.e., California's "reporting time" or "show up" pay law) by requiring MR. SAINT JOHN to report to work on "Day Zero" of the training exercises and not paying him the greater of (1) half the employee's usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of pay.

40.     Defendant TATITLEK violated Labor Code Section 201 by not immediately paying MR. SAINT JOHN when it released him after he completed each specific job assignment for which he was hired.  Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable MR. SAINT

- 11 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  JOHN for a waiting time penalty of up to thirty (30) day's pay for each such job

2  assignment.

3      41.    Defendant TATITLEK required MR. SAINT JOHN to spend

4  the night in re-worked Connex boxes that did not have electricity or lighting. As a

5  consequence, MR. SAINT JOHN necessarily and reasonably had to purchase items

6  (i.e., lanterns, flashlights, and batteries) to use for lighting at night. Defendant

7  TATITLEK violated Labor Code Section 2802 by not indemnifying MR. SAINT

8  JOHN for these expenses.

9      42.    California law provides that sleeping time while on duty

10  constitutes compensable "hours worked" unless both of the following requirements

11  are satisfied: (1) the employer and MR. SAINT JOHN enter into an agreement to

12  exclude from hours worked a bona fide regularly scheduled sleeping period; and

13  (2) the following non-waiveable conditions are satisfied: (a) MR. SAINT JOHN is

14  able to enjoy an uninterrupted 5 hours of sleep; and (b) any interruptions of the

15  sleeping period by a call to duty are counted as hours worked. Because defendant

16  Tatitlek neither entered into such an agreement with MR. SAINT JOHN nor

17  satisfied the non-waiveable conditions (i.e., MR. SAINT JOHN was neither able to

18  enjoy an uninterrupted 5 hours of sleep nor was he compensated for time worked

19  when his sleep was interrupted by a call to duty), it was obligated to, but did not,

20  compensate MR. SAINT JOHN for sleep time.

21      43.    In violation of Labor Code § 203, defendant TATITLEK did

22  not pay MR. SAINT JOHN his total wages owed following the termination of his

23  employment. Hence, a waiting time penalty, in addition to the wages owed, in the

24  amount equal to 30 days' of his total wages is due to MR. SAINT JOHN.

25  \\\

26  \\\

27  \\\

28  \\\

## PLAINTIFF FLORES' FACTUAL ALLEGATIONS

44.     In or about June 2006, MR. FLORES began employment with Defendant TATITLEK. MR. FLORES' employment has continued through about the present.   At no time before, during, or after these periods of employment did MR. FLORES enter into a written agreement defendant TATITLEK with respect to the taking of an on-the-job paid meal period.

45.     During his employment, MR. FLORES was a "role player."

46.     During his employment, MR. FLORES was improperly treated by TATITLEK as an independent contractor and not as an employee. As a result of TATITLEK's mis-classification, TATITLEK did not pay all of the employment-related taxes (including social security taxes) that should have been borne by it – thereby causing Mr. Flores to incur liability for both the employee and employer portion of social security taxes owed on his wages. Similarly, as a result of defendant TATITLEK's mis-classification, TATITLEK failed to provide MR. FLORES with itemized wage statements as required by Labor Code § 226.

47.     During his employment, defendant TATITLEK failed to pay MR. FLORES prevailing wages and benefits.

48.     During each period of employment, MR. FLORES worked more than 8 hours in a day and more than 40 hours in a week and defendant TATITLEK failed to pay MR. FLORES overtime pay.

49.     Defendant TATITLEK engaged in the unlawful wage and hour practice of causing MR. FLORES to work more than six days in seven in violation of Labor Code §§ 551 and 552.

50.     During his employment, Defendant TATITLEK violated Section 5 of California's IWC Wage Order (i.e., California's "reporting time" or "show up" pay law) by requiring MR. FLORES to report to work on "Day Zero" of the training exercises and not paying him the greater of (1) half the employee's

- 13 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of pay.

51.     Defendant TATITLEK violated Labor Code Section 201 by not immediately paying MR. FLORES when it released him after he completed each specific job assignment for which he was hired.  Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable MR. FLORES for a waiting time penalty of up to thirty (30) day's pay for each such job assignment.

52.     Defendant TATITLEK required MR. FLORES to spend the night in re-worked Connex boxes that did not have electricity or lighting. As a consequence, MR. FLORES necessarily and reasonably had to purchase items (i.e., lanterns, flashlights, and batteries) to use for lighting at night.  Defendant TATITLEK violated Labor Code Section 2802 by not indemnifying MR. FLORES for these expenses.

53.     California law provides that sleeping time while on duty constitutes compensable "hours worked" unless both of the following requirements are satisfied: (1) the employer and MR. FLORES enter into an agreement to exclude from hours worked a bona fide regularly scheduled sleeping period; and (2) the following non-waiveable conditions are satisfied: (a) MR. FLORES is able to enjoy an uninterrupted 5 hours of sleep; and (b) any interruptions of the sleeping period by a call to duty are counted as hours worked.  Because defendant Tatitlek neither entered into such an agreement with MR. FLORES nor satisfied the non-waiveable conditions (i.e., MR. FLORES was neither able to enjoy an uninterrupted 5 hours of sleep nor was he compensated for time worked when his sleep was interrupted by a call to duty), it was obligated to, but did not, compensate MR. FLORES for sleep time.

54.     Defendant TATITLEK either failed to provide or did not allow MR. FLORES to take: (1) an uninterrupted 30 minute meal period when employed for a work period of more than 5 hours per day as required by Labor Code §§ 512

- 14 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

and 226.7; and (2) a second uninterrupted 30 minute meal period when employed for a work period of more than 10 hours per day as required by Labor Code §§ 512 and 226.7; and (3)  a ten (10) minute rest period for every four (4) hours worked.  In this regard, Defendant TATITLEK knew or should have known that its employees, including PLAINTIFFS, either were not being provided with or were not being allowed to take their meal and rest periods and defendant TATITLEK did not take steps to address the situation.

55.    On or about September 2007, DEFENDANTS offered to pay MR. FLORES, and other members of the class, approximately $1,450.00 to participate in a four day role playing exercise. MR. FLORES accepted DEFENDANTS' offer (as did between approximately 200 and 280 other employees). [Defendants also may have induced Mr. Flores (and other Tatitlek employees) to sign paperwork fraudulently providing for pay at a lower rate than was promised, but Plaintiffs are not now able to address this issue because Defendants violated Labor Code § 432 by failing to comply with Mr. Flores' October 18, 2008 request for all writings that he signed in conjunction with his employment by Tatitlek.  Plaintiffs will seek to amend their complaint and plead more facts addressing this issue if and when they receive this information and it is necessary.]  After MR. FLORES, and other members of the class, performed as specified by the contract, Defendants breached the contract by paying MR. FLORES(and other members of the class) $1,000.00 instead of the promised $1,450.00.

\\\
\\\
\\\
\\\
\\\
\\\

**FIRST AMENDED CLASS ACTION COMPLAINT**

## PLAINTIFF AGUILAR'S FACTUAL ALLEGATIONS

56.     In or about April 2006, MR. AGUILAR began employment with Defendant TATITLEK.  This initial period of employment lasted until in or about September 2006.

57.     In or about July 2007, MR. AGUILAR again began employment with defendant TATITLEK. This second period of employment lasted until in or about February 2008. At no time before, during, or after these periods of employment did MR. AGUILAR enter into a written agreement defendant TATITLEK with respect to the taking of an on-the-job paid meal period.

58.     During each period of employment MR. AGUILAR was hired as a  role player.

59.     During the first period of employment, MR. AGUILAR was improperly treated by Defendant TATITLEK as an independent contractor and not as an employee.  As a result of defendant TATITLEK's mis-classification, defendant TATITLEK did not pay all of the employment-related taxes (including social security taxes) that should have been borne by it. Similarly, as a result of defendant TATITLEK's mis-classification, defendant TATITLEK failed to provide MR. AGUILAR with itemized wage statements as required by Labor Code § 226.

60.     During each period of employment, defendant TATITLEK failed to pay MR. AGUILAR prevailing wages and benefits.

61.     During each period of employment, MR. AGUILAR worked more than 8 hours in a day and more than 40 hours in a week and defendant TATITLEK failed to pay MR. AGUILAR overtime pay.

62.     Defendant TATITLEK engaged in the unlawful wage and hour practice of  causing MR. AGUILAR to work more than six days in seven in violation of Labor Code §§ 551 and 552.

- 16 -

FIRST AMENDED CLASS ACTION COMPLAINT

63.     Defendant TATITLEK either failed to provide or did not allow MR. AGUILAR to take: (1) an uninterrupted 30 minute meal period when employed for a work period of more than 5 hours per day as required by Labor Code §§ 512 and 226.7; (2) a second uninterrupted 30 minute meal period when employed for a work period of more than 10 hours per day as required by Labor Code §§ 512 and 226.7; and (3) a ten (10) minute rest period for every four (4) hours worked. In this regard, Defendant TATITLEK knew or should have known that its employees, including PLAINTIFFS, either were not receiving or were not being allowed to take their meal and rest periods and defendant TATITLEK did not take steps to address the situation.

64.     In violation of Labor Code § 203, defendant TATITLEK did not pay MR. AGUILAR his total wages owed following the termination of his employment.  Hence, a waiting time penalty, in addition to the wages owed, in the amount equal to 30 days' of his total wages is due to MR. AGUILAR.

65.     During his employment, Defendant TATITLEK violated Section 5 of California's IWC Wage Order (i.e., California's "reporting time" or "show up" pay law) by requiring MR. AGUILAR to report to work on "Day Zero" of the training exercises and not paying him the greater of (1) half the employee's usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of pay.

66.     Defendant TATITLEK violated Labor Code Section 201 by not immediately paying MR. AGUILAR when it released him after he completed each specific job assignment for which he was hired.  Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable MR. AGUILAR for a waiting time penalty of up to thirty (30) day's pay for each such job assignment.

67.     Defendant TATITLEK required MR. AGUILAR to spend the night in re-worked Connex boxes that did not have electricity or lighting. As a consequence, MR. AGUILAR necessarily and reasonably had to purchase items

**FIRST AMENDED CLASS ACTION COMPLAINT**

(i.e., lanterns, flashlights, and batteries) to use for lighting at night. Defendant TATITLEK violated Labor Code Section 2802 by not indemnifying MR. AGUILAR for these expenses.

68.     California law provides that sleeping time while on duty constitutes compensable "hours worked" unless both of the following requirements are satisfied: (1) the employer and MR. AGUILAR enter into an agreement to exclude from hours worked a bona fide regularly scheduled sleeping period; and (2) the following non-waiveable conditions are satisfied: (a) MR. AGUILAR is able to enjoy an uninterrupted 5 hours of sleep; and (b) any interruptions of the sleeping period by a call to duty are counted as hours worked. Because defendant Tatitlek neither entered into such an agreement with MR. AGUILAR nor satisfied the non-waiveable conditions (i.e., MR. AGUILAR was neither able to enjoy an uninterrupted 5 hours of sleep nor was he compensated for time worked when his sleep was interrupted by a call to duty), it was obligated to, but did not, compensate MR. AGUILAR for sleep time.

69.     On or about September 2007, Defendants offered to pay Mr. Aguilar and other members of the class approximately $2,698 to participate in a ten day role playing exercise. Mr. Aguilar accepted Defendants' offer (as did about 100 other employees). After Mr. Aguilar and other members of the class performed as specified by the contract, Defendants breached the contract by paying Mr. Aguilar (and other members of the class) only about $2,400 instead of the promised $2,698.

\\\

\\\

\\\

\\\

\\\

\\\

**FIRST AMENDED CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

70.     PLAINTIFFS bring this action on behalf of themselves and all others similarly situated as a class action pursuant to **California Code** of Civil Procedure § 382.

71.     All claims alleged herein under arise under **California** law for which PLAINTIFFS seek relief authorized under **California** law.

72.     The class that PLAINTIFFS seek to represent is composed of and defined as follows:

**Subclass One**  –  All individuals hired by defendant TATITLEK to work at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who were misclassified as independent contractors rather than as employees.

**Subclass Two**  –  All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who were not paid overtime.

**Subclass Three** –  All of defendant TATITLEK's non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who were not given itemized wage statements as required by Labor Code § 226.

**Subclass Four** – All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who were not paid prevailing wages and benefits.

**Subclass Five** – All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who were neither provided with their meal and/or rest period nor given one hour additional pay for each work day that the

- 19 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

meal or rest period was not provided.

**Subclass Six** – All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California whose employment was terminated within four (4) years of the filing of this complaint who were not paid his or her full wages: (a) at the time of the termination his or her employment if the termination was involuntary or (b) within 72 hour if the termination was voluntary.

**Subclass Seven** – All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California who on or about September 2007 were offered $1,450 in pay to work certain particular role playing assignments but later were told they would receive only approximately $1,000 per assignment. This "bait and switch" happened again (approximately) two to six times.

**Subclass Eight** – All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California who on or about September 2007 were offered $2,698 in pay to work certain particular role playing assignments but later were told they would receive only approximately $2,400 per assignment. This "bait and switch" happened again (approximately) two to four times.

**Subclass Nine** - All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who Defendant TATITLEK required to report to work on "Day Zero" of the training exercises and who was not paid the greater of (1) half the employee's usual or scheduled day's work (up to a maximum of four hours), or (2) two hours at the employee's regular rate of pay.

**Subclass Ten** - All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who Defendant TATITLEK did not

**FIRST AMENDED CLASS ACTION COMPLAINT**

immediately pay when it released them after they completed each specific job assignment for which they were hired (Accordingly, pursuant to Labor Code Section 203, defendant TATITLEK is liable to each such employee for a waiting time penalty of up to thirty (30) day's pay for each such job assignment).

**Subclass Eleven** - All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint who Defendant TATITLEK required to spend the night in re-worked Connex boxes that did not have electricity or lighting and who, as a consequence, necessarily and reasonably had to purchase lanterns, flashlights, and batteries to use for lighting at night (Accordingly, Defendant TATITLEK violated Labor Code Section 2802 by not indemnifying the employees for these expenses).

**Subclass Twelve** - All of defendant TATITLEK non-exempt employees working at the Marine Corps base at Twentynine Palms, California within four (4) years of the filing of this complaint with whom (1) Defendant TATITLEK did not enter into an agreement to exclude from hours worked a bona fide regularly scheduled sleeping period; or (2) where the following non-waiveable conditions were not satisfied: (a) the employee is able to enjoy an uninterrupted 5 hours of sleep; and (b) any interruptions of the sleeping period by a call to duty are counted as hours worked. Because defendant Tatitlek neither entered into such an agreement with its employees nor satisfied the non-waiveable conditions (i.e., its employees were neither able to enjoy an uninterrupted 5 hours of sleep nor were they compensated for time worked when their sleep was interrupted by a call to duty), it was obligated to, but did not, compensate its employees for sleep time.

73.     The members of the class are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the entire class is unknown to PLAINTIFFS at this time, however, it is estimated that the entire class is greater than 100 individuals, but the identity of such membership is

- 21 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

readily ascertainable via inspection of the personnel records and other documents maintained by defendant TATITLEK.

74.    There are common questions of law **and** fact as to the class which predominate over questions affecting only **individual members** including, without, limitation:

A.    Whether defendant TATITLEK's misclassified the individuals it had working at the Marine Corps base at Twentynine Palms, California as independent contractors rather than as employees;

B.    Whether defendant TATITLEK's policy and practice of failing to provide wage statements as required by Labor Code § 226 to its employees working at the Marine Corps base at Twentynine Palms, California is unlawful;

C.    Whether defendant TATITLEK's policy and practice of failing to reimburse employees working at the Marine Corps base at Twentynine Palms, California for the expenses they incurred as a direct consequence of discharging their duties and/or obeying the directions of defendant TATITLEK is unlawful (e.g., the employer taxes that defendant TATITLEK should have paid but instead were paid by the employees);

D.    Whether defendant TATITLEK unlawfully failed to pay its employees working at the Marine Corps base at Twentynine Palms, California prevailing wages and benefits;

E.    Whether defendant TATITLEK unlawfully failed to pay its employees working at the Marine Corps base at Twentynine Palms, California overtime;

F.    Whether defendant TATITLEK unlawfully failed to provide its employees working at the Marine Corps base at Twentynine Palms, California with meal and/or rest periods;

G.    Whether defendant TATITLEK unlawfully failed to pay one hour of pay to each of those employees working at the Marine Corps base at

**FIRST AMENDED CLASS ACTION COMPLAINT**