Thomas P. Brown IV     State Bar No. 97315
tbrown@browngitt.com
Sherry B. Shavit     State Bar No. 193222
sshavit@browngitt.com
**BROWN GITT LAW GROUP, LLP**
300 North Lake Avenue, Suite 200
Pasadena, California 91101
Telephone:  626.229.1919
Facsimile:   626.229.1917

Daniel B. Abrahams, *pro hac vice*
dabrahams@brownrudnick.com
BROWN RUDNICK LLP
601 Thirteenth Street, NW, Suite 600
Washington, DC 20005
Telephone:  202.536.1760

Attorneys for Defendants
TATITLEK SUPPORT SERVICES, INC.
and TATITLEK TRAINING SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH SAINT JOHN, JULIO CESAR FLORES, ANTONIO AGUILAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TATITLEK SUPPORT SERVICES, INC., a corporation, TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC., a corporation, and DOES 1 through 75, inclusive,<br><br>Defendants. | CASE NO.  ED CV08-01909 JZ (RZx)<br><br> (San Bernardino Superior Court Case No. CIVMS 800936)<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date: November 2, 2010<br>Time: 2:00 p.m.<br>Place: 9th Circuit Court of Appeals<br>         Pasadena, California |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................2

II.  SUMMARY OF RELEVANT FACTS ................................................................3

III. LEGAL ARGUMENT ...........................................................................................5

   A. Amendments to Pleadings are not Always Granted ......................................5

   B. Plaintiffs Made a Strategic Decision Not to Include Any Federal Claims from the
      Outset, and Have Failed to Provide Any Legitimate Justification for Waiting Two
      Years to Amend Their Pleading for the Second Time....................................6

   C. Plaintiffs' Proposed Amendments are Futile Because the Statute of Limitations Has
      Run.................................................................................................................8

   D. To Allow Plaintiff to Add FLSA Collective Action Claims Will Create a Procedural
      Nightmare and Further Delay ......................................................................10

   E. Defendants Will be Prejudiced if Plaintiffs' Motion is Granted Because They Are
      Precluded from Reopening the Depositions of Military Personnel...............12

   F. Plaintiffs Are Simply Maneuvering to Stave off Dismissal of Their Action ..............14

   G. Even if Plaintiffs' Motion is Granted, Plaintiffs Should be Ordered to Pay
      Defendants' Costs in Reopening any Depositions that Have Already Been
      Conducted.....................................................................................................15

IV.  CONCLUSION ....................................................................................................15

DEFENDENTS' OPPOSITON TO PLAINTIFFS' MOTION FOR LEVE TO FILE A SECOND AMENDED
COMPLAINT

1

## **TABLE OF AUTHORITIES**

2

3  **Cases**

4  *Acri v. International Ass'n of Machinists & Aerospace Workers,*
5    781 F.2d 1393, 1398 (9th Cir.), *cert denied*, 479 U.S. 816 (1986) ..............................6

6  *AmerisourceBergen Corp. v. Dialysist West, Inc.,*
     465 F.3d 946, 951 (9th Cir. 2006) ...............................................................6, 7
7

8  *Beverly Hills Bancorp v. Hine,*
     752 F.2d 1334, 1338 (9th Cir. 1984) ..................................................................14

9  *Bonilla v. Las Vegas Cigar Co.,*
10    61 F.Supp.2d 1129, 1133 (D.Nev. 1999) ...............................................................9

11  *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002)......................................7

12  *Cowen v. Bank United of Texas,*
      70 F.3d 937, 944 (7th Cir. 1995) ......................................................................14
13

14  *Cramer v. Consolidated Freightways, Inc.,*
      255 F.3d 683, 692-93 (9th Cir. 2001)..................................................................14

15  *Edwards v. City of Long Beach,*
16    467 F.Supp.2d 986, 991-93 (C.D. Cal. 2006)...........................................................11

17  *FDIC v. Conner,*
      20 F.3d 1376, 1385 (5th Cir. 1994) .....................................................................9
18

19  *Foman v. Davis,*
      371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ..........................................6

20  *General Signal Corp. v. MCI Telecom. Corp.,*
21    66 F.3d 1500, 1514 (9th Cir. 1995) .....................................................................15

22  *Graham v. City of Chicago,*
      828 F.Supp. 576, 583 (N.D. Ill. 1993)...................................................................9
23

24  *Hoffman-La Roche Inc. v. Sperling,*
      493 U.S. 165, 110 S.Ct. 482 (1989) .....................................................................9

25  *Kaplan v. Rose,*
26    49 F.3d 1363, 1370 (9th Cir. 1994) .....................................................................6

27  *Kuhn v. Philadelphia Elec. Co.,*
      487 F.Supp. 974, 975 (E.D.Pa. 1980).....................................................................9

28

- ii -

*Leuthold v. Destination Am., Inc.,*
   224 F.R.D. 462, 469-70 (N.D. Cal. 2004) ................................................11

*McLaughlin v. Richland Shoe Co.,*
   486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) ...........................13

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ....................8

*Mir v. Fosburg,*
   646 F.2d 342, 347 (9th Cir. 1980). ...........................................................6

*Montalvo v. Tower Life Building,*
   426 F.2d 1125, 1148-49 (5th Cir. 1970) ....................................................9

*Morongo Band of Mission Indians v. Rose,*
   893 F.2d 1074, 1079 (9th Cir. 1990) ......................................7, 10, 14, 15

*Murillo v. Pacific Gas & Elec. Co.,*
   266 F.R.D. 468, 471-73 (E.D. Cal. 2010) ................................................11

*Partlow v. Jewish Orphans' Home of So. Calif., Inc.,*
   645 F.2d 757, 760 (9th Cir. 1981).............................................................9

*Saul v. United States,*
   928 F.2d 829, 843 (9th Cir. 1991) .............................................................8

*Schlacter-Jones v. General Tel. of Calif.,*
   936 F.2d 435 (9th Cir. 1991) ...................................................................14

*Tate v. Board of Prison Terms,*
   2010 WL 1980141 at *3, n.4 (C.D. Cal. 2010) ........................................14

*Texaco, Inc. v. Ponsoldt,*
   939 F.2d 794, 799 (9th Cir. 1991) .............................................................7

*Thorpe v. Abbott Laboratories, Inc.,*
   534 F.Supp.2d 1120, 1123-25 (N.D. Cal. 2008) ......................................11

**Statutes**

29 C.F.R. §578(c)(3)...........................................................................................13

8 C.C.R. §13520 .................................................................................................12

Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 3701-3708 .......4

Fair Labor Standards Act, 29 U.S.C. §§ 201, 216(b), 255(a), 256(b), *et seq* .............2, 7, 9, 11, 13

Federal Rule of Civil Procedure 15 ...................................................................15

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

California Labor Code §203 ...................................................................................... 12, 13

Service Contract Act of 1965, 41 U.S.C. §§ 351-358 .................................................. 4

**Other Authorities**

*Collective Confusion: FLSA Collective Actions, Rule 23 Class Actions and the Rules Enabling Act*, 61 Hastings L.J. 275 (Nov. 2009) ......................................................... 12

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1

2  **I.    INTRODUCTION**

3          On November 6, 2008, Plaintiffs John Joseph Saint John, Julio Cesar Flores

4  and Antonio Aguilar (collectively, "Plaintiffs") filed a Complaint against

5  Defendant Tatitlek Support Services, Inc. ("TSSI") alleging various California

6  state claims related to the failure to pay wages.  On March 2, 2010, pursuant to the

7  parties' stipulation, Plaintiffs filed a First Amended Complaint against TSSI and

8  Defendant Tatitlek Training Services, Inc. ("TTSI") (collectively, "Defendants").

9  Admittedly, Plaintiffs and their counsel made the ***strategic decision*** not to include

10 any claim for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

11 ("FLSA") in either the Complaint or First Amended Complaint.  Now, nearly two

12 years after this case commenced, when Plaintiffs realize they may be on the verge

13 of having almost their entire case dismissed, they are scrambling to include federal

14 claims that they knew were viable two years ago, and are attempting to relate back

15 these new claims – which are significantly procedurally and substantively different

16 – to the substantial detriment of Defendants.

17          Plaintiffs' motion for leave to amend should be denied because: (1) Plaintiffs

18 were aware of these potential claims and made the conscious decision not to

19 include them in the original Complaint, or in the First Amended Complaint; (2) to

20 add a cause of action for FLSA violation(s) would be futile because the statute of

21 limitations has and/or will have already run[1]; (3) to include this new cause of

22 action would create an abysmal quagmire, trying to merge an "opt-in" FLSA

23 collective action with the current "opt out" state class action; and (4) Defendants

24

---

25 [1] In addition, at least 70 of the putative class members had a similar wage and hour case dismissed against one of TSSI's competitors, L-3 Communications, because,

26 *inter alia*, their FLSA claims were barred by the statute of limitations (in addition to the fact that the plaintiffs conceded that the same military installation where the

27 role players worked – Twentynine Palms Marine Corps Air Ground Combat Center – was a federal enclave).  (April 19, 2010 Reporter's Transcript of Proceedings, pp.

28 4:23-5:1, 5:18-25, attached as Exhibit "1" to the Declaration of Thomas P. Brown IV ("Brown Decl.").)

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

would be unduly prejudiced because they are precluded from re-deposing certain military officers whose testimony would be vital to defending the new claims.

## II.    **SUMMARY OF RELEVANT FACTS**

On April 3, 2006, the United States Marine Corps first entered into a contract with TSSI to provide role players to act as foreign language specialists and civilians on the mock battlefield as part of a training exercise at the Marine Corps Air Ground Combat Center at Twentynine Palms, California, in which Marine battalions receive realistic urban warfare training by recreating the conditions the Marines will encounter, so that the USMC can test their ability to react to rapidly evolving circumstances involving insurgents, innocent bystanders, police officials, merchants, bus drivers, and many other types of people one would encounter on the ground in Iraq and/or Afghanistan. (*See* Defendants' Statement of Uncontroverted Facts and Conclusions of Law in Support of Defendants' Partial Motion for Summary Judgment [Doc. No. 41], Fact Nos. 4-7 and evidence cited therein.)  Due to the time and budgetary constraints of the USMC, and the past practice of the federal government, the role players were treated by both TSSI and the USMC as independent contractors.  TSSI later converted the role players to exempt professional employees, effective June 15, 2007.  Thereafter, the U.S. Department of Labor issued a wage determination regarding role players to be applied to future contracts, and TSSI accordingly converted the role players to hourly employees when the new contract went into effect on or about January 1, 2008.  Plaintiffs concede that Defendants have been compliant with the wage and hour laws since the role players were converted to hourly employees effective January 1, 2008 (Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. No. 56], p. 2:3-4 ("Within months, however, Tatitlek re-classified the Role Players as hourly non-exempt employees – and, by January 1, 2008, it began (and continues) to comply

with California's wage and hour laws.")) (which, as explained in Section III(C) below, conflicts with the allegations set forth in the proposed Second Amended Complaint).

Plaintiffs filed this action in state court on November 6, 2008.  Plaintiffs alleged violations of California's wage and hour laws, and related state-based claims.  Admittedly, at the time they filed their initial complaint, Plaintiffs were well aware of the existence of potential federal claims under the FLSA, but intentionally opted not to include them.  (Motion, p. 2:26-3:2; Declaration of Andrew Friedman, ¶4, p.1:19-25.)

In December, 2008, TSSI removed the case to this Court in part on federal question grounds.  As set forth in its Notice of Removal, TSSI asserted that the Eastern District of California has jurisdiction over this case because: (1) the Service Contract Act of 1965, 41 U.S.C. §§ 351-358, and the Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 3701-3708 govern payment of prevailing wages under federal government service contracts [Notice of Removal, ¶ 20]; (2) Defendant acted under color of federal office [Notice of Removal, ¶22(c)]; (3) Plaintiffs performed work on a recognized federal enclave, which bars state wage claims [Notice of Removal, ¶ 23]; and (4) Defendant raised colorable federal defenses [Notice of Removal, ¶ 24].

On August 3, 2009, the Court held a Scheduling Conference, at which the parties agreed to a "first phase" of determining whether Defendants are immune from state law wage claims, as the parties (and the Court) were in agreement that if Defendants were correct, then the majority of Plaintiffs' claims are not viable. (Declaration of Thomas P. Brown IV ("Brown Decl.") ¶ 3.)

For the next year, the parties engaged in extensive discovery.  The parties have exchanged thousands of documents.  Plaintiffs have propounded, and Defendants have responded to, interrogatories.  Many depositions have been taken,

including three military personnel,[2] which required the parties to obtain permission from the federal government to take their depositions, and ***only on the condition that these individuals could not be re-deposed or be required to appear at a trial***. (Brown Decl. ¶¶ 5, 6; Exhibit 2.)

On December 7, 2009, Defendants filed a Motion for Partial Summary Judgment, seeking summary adjudication on all but one cause of action on the basis that Plaintiffs are barred from pursuing state wage claims against Defendants. Plaintiffs filed their opposition on June 7, 2010. Defendants are required to file their reply brief by September 27, 2010, and oral argument is scheduled for November 2, 2010. As a result of this motion, Plaintiffs are faced with the risk of having most of their claims (and damages, including attorneys' fees) gutted. In the meantime, on March 2, 2010, Plaintiffs filed a First Amended Complaint to add new factual allegations and several new causes of action, all of which were based on state law.

Now, while Defendants' motion for partial summary judgment is pending, and two years after the inception of this action, Plaintiffs seek to file a second amended complaint to add claims of FLSA violations. For the reasons set forth below, Plaintiffs' motion should be denied.

## III.   LEGAL ARGUMENT

### A.   Amendments to Pleadings are not Always Granted

Despite Federal Rule of Civil Procedure 15(a) being liberal, there are several reasons justifying denial of leave to amend a pleading, including where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3)

---

[2] They include John Lynch, the U.S. Department of Navy's Contracting Officer, who was in charge of procuring the military's contract with TSSI for the role players and was instrumental in determining that the role players would be classified as independent contractors; Major Casey Harmon, the Contracting Officer's liaison, who ensures that TSSI is meeting its obligations under the contract; and Ret. Col. Christopher Proudfoot, who designs and plans the Mojave Viper training (for which TSSI supplies role players).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, all four factors exist.

**B.** **Plaintiffs Made a Strategic Decision Not to Include Any Federal Claims from the Outset, and Have Failed to Provide Any Legitimate Justification for Waiting Two Years to Amend Their Pleading for the Second Time**

When a party has already had the opportunity to amend its complaint, discretion over denying subsequent amendments is "especially broad." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). "[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims." *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Moreover, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.), *cert denied*, 479 U.S. 816 (1986); *Kaplan*, 49 F.3d at 1370 (leave to amend denied where plaintiff was aware of facts prior to filing complaint). Whether the court has issued a scheduling order setting deadlines for amending pleadings has no effect – the party seeking amendment must still meet the requirements of Rule 15(a). *AmerisourceBergen*, 465 F.3d at 952.

For instance, in *AmerisourceBergen*, although the plaintiff filed its motion for leave to amend within the deadline set by the district court, it had waited nearly 15 months after learning new facts to amend its pleading. 465 F.3d at 951, 952. The district court denied the motion because the plaintiff did not allege any "newly discovered facts," nor did the company explain why it waited over a year after filing the original complaint to seek amendment. *Id.* at 953, n.9. The Ninth Circuit

- 6 -

agreed, stating: "Although AmerisourceBergen vigorously protests the denial of its motion for leave to amend, it has never provided a satisfactory explanation of why, twelve months into the litigation, it so drastically changed its litigation theory." *Id.* at 953. *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (seeking leave to amend two years after complaint is filed and eight months after summary judgment was granted is unreasonable); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding denial of leave to amend where plaintiff had facts prior to first amendment and second amendment was both prejudicial and dilatory); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (upholding denial where original complaint was dismissed for lack of jurisdiction and plaintiff filed the motion for leave nearly two years after filing the original complaint).

Here, ***Plaintiffs admit that they knew there were possible FLSA violations prior to the filing of the original complaint***. However, Plaintiffs made the ***tactical decision*** to forego any FLSA claims because (allegedly) the Department of Labor ("DOL") was pursuing that angle. Whether it was because they feared Defendants would move to stay the entire litigation pending completion of the DOL's investigation, or they wanted to attempt to use any payment to the DOL as purported evidence of wrongdoing, or they realized the inherent conflicts in pursuing state and federal wage claims (*see* Section III(D) below), or they did not want to expend legal fees to pursue claims they believed were being pursued by the DOL, or any combination thereof, Plaintiffs should not be rewarded for making a strategic error.

Plaintiffs also fail to provide any legitimate reason why they could not pursue these claims in tandem with the DOL. Indeed, the FLSA provides a private right of action. 29 U.S.C. § 216(b). There is no deferral to the DOL unless the

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1  DOL files a lawsuit first.  Only after the DOL sues could a subsequent private

2  lawsuit potentially be stayed.

3       The only change in "facts" that occurred was Plaintiffs' discovery on or

4  about June 18, 2010 that the DOL "allegedly and arguably had let lapse its ability

5  to prosecute the FLSA claims."  (Friedman Decl. ¶ 8, p.2:18-20.)[3]  However,

6  Plaintiffs fail to set forth any justification for why they failed for the last two years

7  to verify whether the DOL was, in fact, pursuing such claims.  Moreover, they

8  were well aware of the claims and the need to file them timely.

9
       **C.    Plaintiffs' Proposed Amendments are Futile Because the Statute**
10          **of Limitations Has Run**

11       "A district court does not err in denying leave to amend where the

12  amendment would be futile, or where the amended complaint would be subject to

13  dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations

14  omitted).  A proposed amendment is "futile" if "no set of facts can be proved under

15  the amendment to the pleadings that would constitute a valid and sufficient claim

16  or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  For

17  instance, in *Saul*, the plaintiff was precluded from bringing a *Bivens* action for

18  damages.  He then attempted to add a claim for injunctive relief and class claims

19  for a constitutional injury.  However, the Civil Service Reform Act precluded him

20  from seeking injunctive relief as well as class claims; thus, because the amendment

21  would be futile, the motion for leave to amend was denied.  *Id.* at 843.  The

---

22  [3] Plaintiffs also claim that they learned during discovery in this case that TSSI
23  asked the DOL to "stand down" in deference to the filing of this action.  (Friedman
    Decl. ¶6, p.2:8-10 and Exhibit B attached thereto.)  This is a red herring and
24  Plaintiffs have misinterpreted the e-mail exchange with the DOL.  TSSI never
    asked the DOL to "stand down."  Rather, as Exhibit B states, on December 5,
25  2008, TSSI's counsel (Daniel B. Abrahams) merely asked the DOL how they
    wished to proceed given the filing of Plaintiffs' lawsuit, since "the [DOL's] Field
26  Operations Handbook calls for the Wage and Hour Division to stand down in the
    event of private litigation."  Indeed, it would be duplicative and a waste of agency
27  resources for the DOL to sue the same employer for the same wages.  Moreover,
    this communication with the DOL belies Plaintiffs' contention that they believed
28  the DOL was actively pursuing claims against TSSI, if the agency could "stand
    down" as a result of Plaintiffs' lawsuit.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

expiration of the statute of limitations is another example of futility.  *E.g., FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).

Here, Plaintiffs argue that their proposed FLSA claims are timely and should "relate back" to the date of the original filing of this action because the FLSA claims are premised upon the same facts as their state claims.  Plaintiffs, however, have missed the point and failed to recognize one very significant and fatal issue: ***the statute of limitations on an FLSA collective action is not tolled for each individual until that individual files a consent to "opt in" to the action.***  29 U.S.C. §256(b) ("in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended . . . it shall be considered to be commenced in the case of any individual claimant . . . (b) . . . on the subsequent date on which such written consent is filed in the court in which the action was commenced"); *Partlow v. Jewish Orphans' Home of So. Calif., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) (disapproved on other grounds in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989)); *Montalvo v. Tower Life Building*, 426 F.2d 1125, 1148-49 (5th Cir. 1970); *Kuhn v. Philadelphia Elec. Co.*, 487 F.Supp. 974, 975 (E.D.Pa. 1980); *Graham v. City of Chicago*, 828 F.Supp. 576, 583 (N.D. Ill. 1993); *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d 1129, 1133 (D.Nev. 1999) (in an FLSA collective action, "the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed.").

The FLSA statute of limitations is generally two years, and three years if the violation(s) are found to be "willful."  29 U.S.C. §255(a).  As noted above, Plaintiffs concede that Defendants have been in compliance with the wage and hour laws since January 1, 2008.[4]  Thus, the statute of limitations for general FLSA

---

[4] This concession is inconsistent with the proposed Second Amended Complaint, wherein Plaintiffs seek an injunction against Defendants.  (Exhibit 4 attached to Friedman Decl., ¶¶ 74(P), 151 and Prayer for Relief ¶ 11.)  If Defendants are now

- 9 -

violations ran on January 1, 2010 and, even if Plaintiffs could establish that any purported violation was "willful,"[5] that statute will run by January 1, 2011.  By the time this motion is heard (currently scheduled for November 2), Plaintiffs file (and Defendants oppose) a motion for conditional class certification, and (assuming it is granted) opt-in notices are sent out to the putative plaintiffs, the statute of limitations for the putative plaintiffs' claims most likely will have run.  Even if it has not, the amount of time at issue will be incredibly small.[6]  Thus, Plaintiffs' attempt to amend the complaint to add FLSA claims is futile.

### D.    To Allow Plaintiffs to Add FLSA Collective Action Claims Will Create a Procedural Nightmare and Further Delay

Another factor to consider is whether new claims will greatly alter the course of litigation, requiring the defendants to start an entirely new course of defense at a late hour.  *Morongo*, 893 F.2d at 1079.  For the last two years, the parties and the Court have been operating under the assumption that this case is proceeding as a potential "opt-out" Rule 23 class action.  In other words, no class exists until if and when Plaintiffs are able to prove the elements of Rule 23 are met for a class action.  If the class is certified, then all putative class members are automatically part of the class, unless they affirmatively "opt out" of the action.

---

fully compliant, as Plaintiffs admit, no injunction is necessary, thereby making this portion of the proposed SAC also futile.

[5] Plaintiffs will be hard pressed to submit any evidence that Defendants *willfully* violated the FLSA, given the testimony that has already been obtained in this case, including the U.S. Department of Navy's Contracting Officer, John Lynch, testifying that he agreed to classify the role players as independent contractors (and thereafter exempt employees), the Department of Defense conducted its own audit (including a legal review) of the proposal and never raised any issue with the fact that the role players were being classified as independent contractors, and TSSI was following the conventional practice of other role player contractors (such as L-3) in classifying them as independent contractors.

[6] By asserting this argument at this time, and in the unlikely even the Court permits Plaintiffs to amend their complaint to add FLSA collective action claims, Defendants do not intend to waive any right to raise the statute of limitations argument at any future time where appropriate if and when anyone files a consent form.

- 10 -

If Plaintiffs are now permitted to add claims under the FLSA, the entire procedural roadmap changes. First, Plaintiffs must file a motion to certify the FLSA claims only as a collective action. Assuming Plaintiffs can meet the lower standard of establishing the existence of similarly situated putative plaintiffs, and the Court conditionally certifies the collective action, the FLSA next requires the putative plaintiffs to file written consent to participate in the collective action (*i.e.*, "opt-in"). 29 U.S.C. §216(b). Thus, only those individuals who opt in to the collective action are considered plaintiffs, and the rest are not bound by the judgment. Finally, Plaintiffs then must establish that they meet the more rigorous standards under Rule 23.

This would result in an FLSA collective action where only those who opt-in will be putative plaintiffs, but at the same time, a state wage and hour class action with all similarly situated individuals as class members, all of whom are bound by the judgment unless they affirmatively opt out. Although there are cases that have proceeded along this hybrid "dual track," there is no consensus within the Ninth Circuit as to how to address the diametric differences between FLSA collective actions and Rule 23 class actions. *Compare, e.g., Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004) (denying Rule 23 class certification because not superior to FLSA opt-in collective action and confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims) *and Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 991-93 (C.D. Cal. 2006) (same) *with Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 471-73 (E.D. Cal. 2010) (FLSA collective action did not preclude employee from also bringing state law class action claims in a hybrid action) *and Thorpe v. Abbott Laboratories, Inc.*, 534 F.Supp.2d 1120, 1123-25 (N.D. Cal. 2008) (plaintiff can maintain Rule 23 class action based on state claims even though a separate collective action under FLSA for same employment practices exists); *see also generally* Daniel C. Lopez,

- 11 -

Note, *Collective Confusion: FLSA Collective Actions, Rule 23 Class Actions and the Rules Enabling Act*, 61 Hastings L.J. 275 (Nov. 2009).

Accordingly, to permit Plaintiffs to now pursue FLSA claims two years after this litigation commenced will simply cause further delay in this case being resolved, as another layer of debate is added over which, if any, of Plaintiffs' claims can be certified as collective and/or class actions.

**E.     Defendants Will be Prejudiced if Plaintiffs' Motion is Granted Because They Are Precluded from Reopening the Depositions of Military Personnel**

Plaintiffs argue that Defendants will not be prejudiced by any amendment to add the FLSA claims because no discovery has been conducted on the merits of the claims. Plaintiffs are wrong. There is a substantive difference between the definitions of "willful" under the California Labor Code and the FLSA.

In Plaintiffs' currently operative pleading, they seek penalties under Labor Code §203, which provides a penalty of up to thirty (30) days of wages if an employer "willfully fails to pay" any owed wages upon an employee's termination of employment. The term "willful" is defined in the California Code of Regulations:

> A willful failure to pay wages . . . occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203.
>
> A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact, which, if successful, would preclude any recovery on the part of the employee.

8 C.C.R. §13520.

In the proposed Second Amended Complaint, Plaintiffs now seek to allege that Defendants' FLSA violations were "willful," and therefore they are entitled to recover liquidated double damages under 29 U.S.C. §216(b). (Exhibit D, p. 39:25-

- 12 -

28 [¶145] attached to Friedman Decl.)  A violation is considered "willful" under the FLSA if, given all the facts and circumstances, the employer knew its conduct was prohibited by the FLSA, or showed reckless disregard for the Act's requirements.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); 29 C.F.R. §578.3(c).  An employer's conduct is considered to be in "reckless disregard" if the employer should have inquired further into whether its conduct was in compliance with the FLSA, and failed to make adequate further inquiry.  29 C.F.R. §578(c)(3).

The discovery taken to date in this case has been primarily focused on the "first phase" of whether Defendants have federal constitutional defenses to the state wage claims.  However, as part of that discovery, the parties have deposed three witnesses from the military.  One of the conditions upon which the parties were permitted to depose these witnesses was that they could not be re-deposed or called as witnesses at trial. (Brown Decl. ¶¶ 5, 6 and Exhibit 2.)  Thus, Defendants used their "one shot" opportunity to also address questions regarding the merits of the case, including whether Defendants had a "good faith" basis for classifying the role players as independent contractors and/or exempt professionals as a defense to Plaintiffs' Labor Code §203 claim.  If Plaintiffs are now permitted to add FLSA claims, Defendants will be deprived of the opportunity to re-depose these witnesses on facts surrounding whether Defendants knew they were violating the FLSA and/or their conduct was in "reckless disregard" of the FLSA (*i.e.*, whether Defendants should have further inquired into whether the role players should have been classified as hourly employees under the FLSA) given the steps Defendants already took, and the discussions Defendants had with the military about how to classify the role players.  Defendants, therefore, will be prejudiced by the addition of these proposed new claims at this late juncture.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**F.    Plaintiffs Are Simply Maneuvering to Stave off Dismissal of Their Action**

With Defendants' motion for partial summary judgment pending, mere allegations are not enough at this juncture – Plaintiffs must introduce some evidence to prove that they could prevail on their proposed claims.  A plaintiff may not freely amend a complaint to forestall the grant of summary judgment:

> A plaintiff who proposes to amend his complaint after the defendant has moved for summary judgment may be maneuvering desperately to stave off the immediate dismissal of the case.  With this a possibility, district judges are not content with an allegation sufficient in law; they want to see some evidence to back it up.

*Cowen v. Bank United of Texas*, 70 F.3d 937, 944 (7th Cir. 1995); *accord Tate v. Board of Prison Terms*, 2010 WL 1980141 at *3, n.4 (C.D. Cal. 2010).  "A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. General Tel. of Calif.*, 936 F.2d 435 (9th Cir. 1991) (overruled on other grounds), *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc)); *see also Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1338 (9th Cir. 1984) (rejecting bankruptcy trustee's attempt to amend pleadings after his original contract interpretation was rejected because) "[a]llowing the Trustee to do so would allow him to obtain a tactical advantage to which he is not entitled.").

In *Morongo Band of Mission Indians v. Rose*, an Indian band sued an Indian and non-Indian to enforce an ordinance regulating bingo games on its reservation. The district court dismissed the Indian band's original complaint for lack of federal jurisdiction.  893 F.2d at 1076.  After the dismissal, the Indian band sought to add claims based on RICO, criminal depredation and trespass statutes. *Id.* at 1079. The Ninth Circuit found that the district court did not abuse its discretion in denying the motion for leave to amend given that it was filed two years after the original complaint was filed, was prejudicial to the defendants, the amended complaint would greatly change the nature of the litigation, and the claims were

- 14 -

potentially futile. *Id.* The Ninth Circuit noted the importance of the fact that the district court had dismissed all claims in the original complaint for lack of jurisdiction. *Id.*

Here, it is evident that Plaintiffs are simply trying to stave off the possibility of the crux of their lawsuit – *i.e.*, their California wage and hour claims – being dismissed for lack of jurisdiction. Plaintiffs have not presented any evidence to support their assertion that they can prevail on their claims, especially in light of their statute of limitations and potential collateral estoppel issues.

**G.** **Even if Plaintiffs' Motion is Granted, Plaintiffs Should be Ordered to Pay Defendants' Costs in Reopening any Depositions that Have Already Been Conducted**

A court has the discretion to impose costs pursuant to Federal Rule of Civil Procedure 15 as a condition of granting leave to amend to compensate the opposing party for costs incurred because the original complaint was faulty. *General Signal Corp. v. MCI Telecom. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). Despite the compelling reasons to deny Plaintiffs' motion for leave, if the Court is inclined to grant the motion, this is an appropriate case where such costs should be imposed.

As explained above, Plaintiffs have already had two bites at the apple and many depositions have already taken place. These depositions occurred across the country, including California, Virginia, Washington D.C. and Alaska, with another deponent flying in from Arizona at the expense of the Denfendant. (Brown Decl. ¶ 4.) If Defendants are forced to re-open any of the depositions (or if Plaintiffs insist on reopening depositions) to address the new claims, Plaintiffs should be required to pay Defendants' (and the deponents') resulting costs.

**IV.** **CONCLUSION**

Given Plaintiffs' inexplicable delay of nearly two years in seeking to amend their pleading with federal claims (other than the uncanny timing of the motion

- 15 -

while Defendant's motion for partial summary judgment is pending), the futility of the proposed claims, the procedural quagmire that would result if the amendment were allowed, and the undue prejudice to Defendants, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file a second amended complaint. Alternatively, if the Court is inclined to grant Plaintiffs' Motion, Defendants respectfully request that the Court order Plaintiffs to pay Defendants any costs associated with reopening depositions that have already been taken to address Plaintiffs' new legal theories.

Dated: August 23, 2010                    BROWN GITT LAW GROUP, LLP


                                          By: _____
                                                Thomas P. Brown IV
                                                Sherry B. Shavit
                                                Attorneys for Defendants
                                                TATITLEK SUPPORT SERVICES, INC.
                                                and TATITLEK TRAINING SERVICES,
                                                INC.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT