1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH SAINT JOHN, JULIO CESAR FLORES, ANTONIO AGUILAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TATITLEK SUPPORT SERVICES, INC., a corporation, TATITLEK/FORCE PREPAREDNESS TRAINING SERVICES, INC., a corporation, and DOES 1 through 75, inclusive,<br><br>Defendants. | CASE NO.: ED CV08-01909 JZ (RZx)<br><br>[PROPOSED] ORDER GRANTING MOTION FOR:<br><br>(1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;<br>(2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS;<br>(3) APPROVING CLASS NOTICES; AND<br>(4) SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT |

WHEREAS, the Court has been advised that the parties to this action, through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and hearing, to settle this action upon the terms and conditions set forth in the Joint Stipulation and Settlement Agreement of Class Claims ("Stipulation" or "Settlement"), filed herewith;

WHEREAS, the Representative Plaintiffs have indicated their approval as set forth in the Stipulation;

NOW THEREFORE, based on the Stipulation and all of the files, records, and proceedings herein, and it appearing to the Court, upon preliminary examination, that the settlement set forth in the Stipulation is within the range of reasonableness, and that a hearing should and will be held

after notice to the Settlement Class to confirm that the Stipulation and settlement therein are fair, adequate and reasonable, and to determine whether a Judgment and Dismissal with Prejudice should be entered in this action based upon the Stipulation;

IT IS HEREBY ORDERED THAT:

1. This Order Preliminarily Approving Class Action Settlement, Provisionally Certifying Settlement Class, Approving Class Notices, and Setting a Hearing for Final Approval of the Settlement ("Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Federal Rule of Civil Procedure 23(e), this Court preliminarily approves the settlement as set forth in the Stipulation, and finds that: (i) the settlement is within the range of reasonableness as to the Settlement Class and Defendant, and is the product of good faith, arm's length negotiations between the parties; (ii) the settlement as set forth in the Stipulation is consistent with public policy, and fully complies with the applicable provisions of federal and California law. Accordingly, the parties to the Stipulation are hereby directed to consummate and perform its terms.

3. Notice shall be provided to the Settlement Class members in the following manner only:

a. Within thirty (30) calendar days after entry by the Court of its Preliminary Approval Order, Defendant shall provide a database, which will list for each Settlement Class member the Settlement Class member's name, last-known address, social security number, dates worked with Defendant during the Class Period in California, and number of days worked during the Class Period, to the Claims Administrator and to Class Counsel (the copy of the database provided to Class Counsel will not include social security numbers). The Claims Administrator will thereafter run a check of the Settlement Class members' addresses against those on file with the U.S. Postal Service's National Change of Address List; this check will be performed only up to two times per Settlement Class member by the Claims Administrator.

b. The Claims Administrator shall send each Settlement Class member the Notice of Pendency, Proposed Settlement of Class Action and Hearing on Final Approval of Settlement and accompanying Claim Form (collectively the "Notice Package") via first-class United States mail. Such Class Notice shall be in the form as Exhibits "1" and "2" in the Stipulation. The Notice Package shall be mailed by the Claims Administrator within thirty (30) calendar days of Defendant providing the Claims Administrator the database of Settlement Class members. Any Notice Packages which are returned to the Claims Administrator as non-delivered during the 60 calendar-day period for the filing of claims shall be resent to the forwarding address, if any, on the returned envelope. A returned Notice Package will be forwarded only up to two times per Settlement Class member by the Claims Administrator. If there is no forwarding address or a forwarded Notice Package is returned as undeliverable, the Claims Administrator will perform a computer search for a new address using the Settlement Class member's social security number and, if a new address is located, resend the Notice Package to that address. This search will be performed only up to two times per Settlement Class member by the Claims Administrator.

c. Within thirty (30) calendar days of Defendant providing the Claims Administrator the database of Settlement Class members, and prior to the Notice Package being mailed out as set forth above, the Claims Administrator shall cause an interactive website to go live. The website address shall be www.TSSIsettlement.com (or similar uniform resource locator) as agreed between Class Counsel and the Claims Administrator. The website will make available for download copies of the Notice Package and shall permit Settlement Class members to securely submit Claim Forms online.

d. At its election, Class Counsel may post news of this settlement and a copy of this order on their web sites, along with links to the interactive site that the Claims Administrator will have created.

e. Claim Forms must be completed in full to be valid. If a Claim Form is not completed in full, the Claims Administrator will send a deficiency notice to the Settlement Class member advising the Settlement Class member to cure the deficiency. The deficiency notice will provide the Settlement Class member twenty-one (21) calendar days from the date of mailing of

the deficiency notice to cure the deficiency; the corrected Claim Form must be postmarked, or submitted via the dedicated website, not later than the 21st day after the date of mailing of the deficiency notice, or it will be rejected as untimely by the Claims Administrator. If the corrected Claim Form is still not completed in full, the Claims Administrator will send a second and final deficiency notice to the Settlement Class member advising the Settlement Class member to cure the deficiency. The second deficiency notice will provide the Settlement Class member an additional twenty-one (21) calendar days from the date of mailing of the deficiency notice to cure the deficiency; the correct Claim Form must be postmarked, or submitted via the dedicated website, not later than the 21st day after the date of mailing of the second deficiency notice, or it will be rejected as untimely by the Claims Administrator. The Claims Administrator shall not send out more than two deficiency notices to each Settlement Class member.

   f. Fourteen (14) calendar days prior to the deadline for Settlement Class members to submit a Claim Form, the Claims Administrator shall mail a reminder postcard in the form as Exhibit "3" in the Stipulation (hereinafter "Reminder Postcard") to any and all Settlement Class members for whom Claim Forms or Requests for Exclusion have not yet been received by the Claims Administrator.

   g. At least fifteen (15) calendar days before the Final Approval Hearing, the Claims Administrator shall provide Class Counsel and Defendant's Counsel with a Declaration of Due Diligence and Proof of Mailing. The declaration shall specify the number of Settlement Class members to whom Notice Packages were sent, the number of Settlement Class members to whom Notice Packages were not delivered, and the name of any Opt-Outs. Class Counsel shall file this declaration with the Court prior to the Final Approval Hearing.

   4. Defendant's consent to the Stipulation, and the settlement provided for therein, may not be used or construed as an admission of liability or wrongdoing by Defendant, nor is this Preliminary Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant. Neither this Preliminary Approval Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation, and any negotiations or proceedings related thereto, shall not, in any event, be construed as, or deemed to be, evidence

of an admission or concession by Defendant, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Stipulation and/or any judgment entered pursuant thereto; except that the Stipulation may be filed and used in this Action, or in any subsequent action against Defendant, to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim or issue preclusion or similar defense.

5. For purposes of the Stipulation and the proceedings herein, the Court orders that a Settlement Class, defined in the Stipulation as, "all persons performing services as role players, foreign language specialists, civilians on the battlefield and the like, whatever the job title, whether as independent contractors or professionals, exempt or non-exempt employees, who worked at the United States Marine Corps base at Twentynine Palms, California or at any other site pursuant to the contract between TSSI and the United States Marine Corps within four (4) years of the filing of the Action to the date of preliminary approval (hereinafter also referred to as "Role Players")" is hereby certified; that Named Plaintiffs John Joseph Saint John, Julio Cesar Flores and Antonio Aguilar are the representative Plaintiffs for the Settlement Class; and that Plaintiffs' counsel of record, Helmer-Friedman LLP and The Cowan Law Firm, are appointed as Class Counsel for the Settlement Class. The certification of the Settlement Class shall be binding only with respect to the settlement, the Stipulation, and this Preliminary Approval Order. In the event that final approval of the Settlement as set forth in the Stipulation does not occur, then the Stipulation shall be null and void, and shall be deemed terminated, unless otherwise agreed to in writing by the Parties.

6. The Court further:

a. Approves the form of Notice Package substantially in the form of Exhibit "1" and "2" to the Stipulation, for mailing to the Settlement Class members;

b. Approves the form of the Reminder Postcard substantially in the form of Exhibit "3" to the Stipulation;

    c. Requires that all Settlement Class members who wish to participate in the settlement provided for in the Stipulation timely submit a Claim Form, pursuant to and in compliance with the instructions contained in the Notice Package;

    d. Requires that all Settlement Class members who wish to be excluded from the settlement provided for in the Stipulation, sign, and timely submit, a written request for exclusion, pursuant to and in compliance with the instructions contained in the Notice Package;

    e. Order that, pending final determination of whether the settlement contained in the Stipulation should be approved, neither the Named Plaintiffs, nor any Settlement Class member, shall, directly, representatively, or in any other capacity, commence or prosecute this Action, or any other proceeding, in any court, tribunal or administrative forum, asserting any of the Released Claims against the Released Parties, and that all discovery and other pre-arbitration proceedings in this action, except as may be necessary to implement the Stipulation of Settlement, are stayed.

7. A hearing (the "Final Approval Hearing") shall be held on <u>October 21, 2011</u> at <u>10:30 a.m. (California time)</u>, to determine whether the proposed settlement of this action is fair, adequate and reasonable, and should be approved. Named Plaintiffs' papers in support of the proposed settlement, and any application for award of attorneys' fees, costs and expenses to Class Counsel, and any application for Service Payments to Named Plaintiffs, shall be filed with the Court on or before <u>September 21, 2011</u>. The Final Approval Hearing described in this paragraph may be rescheduled, postponed, adjourned, transferred, or continued as soon as practicable, without further notice to the Settlement Class members. Following the Final Approval Hearing, the Court shall enter an Order in accordance with the Stipulation of Settlement that will adjudicate the rights of all Settlement Class members, including the Named Plaintiffs, should the proposed settlement be approved.

8. Any Settlement Class member who desires to be excluded from the Settlement Class must mail, on or before the final date for submission of Claim Forms, a written request for exclusion to the Claims Administrator, at the address set forth in the Class Notice. All such persons who properly and timely file a request for exclusion shall not be class participants, shall have no rights with respect to the settlement and no interest in the settlement proceeds, and shall

have no standing to object to the proposed settlement nor will they be bound by the release contained in the Settlement. The names of all excluded individuals ("Non-Participating Class Members") shall be set forth in the Claims Administrator's Declaration of Due Diligence and Proof of Mailing, which shall be filed with the Court prior to the Final Approval Hearing as provided herein.

9. In the event more than ten percent (10%) of the Settlement Class file timely requests to be excluded from the Settlement, Defendant may, at its sole option, elect to rescind the Settlement, in which case the Settlement shall become null and void, and shall be deemed terminated. Defendant shall communicate any such election in writing to Class Counsel and to the Court at least five (5) days before the Final Approval Hearing. In the event Defendant exercises its right to rescind the Settlement, all costs incurred to date of recission for claims administration will be borne solely by Defendant.

10. Any member of the class who has not opted-out of the settlement and who objects to the approval of the proposed settlement may appear at the Final Approval Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable, after following the procedures set forth in the notice and Paragraph 11 below.

11. The Court shall not hear objections to the proposed settlement, nor consider any papers or briefs submitted in support of said objection, unless, on or before the Final Date for Submission of Claim Forms, those Settlement Class members (other than Non-Participating Class Members) who have such objections have filed with the Court, and served on counsel for the parties by mail or other lawful means, a written statement objecting to the Settlement, containing the factual and/or legal grounds for such objection and notice of intention to appear and object at the Final Approval Hearing. Non-Participating Class Members shall not have standing to object to the Settlement. Any Settlement Class member who does not make his/her objection to the settlement in the manner and within the time provided in the Preliminary Approval Order and the Class Notice shall be deemed to have waived any such objection, and may not later raise any objection at the Final Approval Hearing, or by appeal, collateral attack, or otherwise.

12.  Unless otherwise modified by the Court, the dates for performance are as follows:

| Date/Triggering Event: | Event: |
|---|---|
| January 21, 2011 | Court to Order preliminary approval of settlement |
| [30 days after Preliminary Approval] | Deadline for Defendant to provide Class Counsel and Claims Administrator with a class list. |
| [30 days after Claims Administrator receives class list from Defendant] | Deadline for Claims Administrator to post interactive website whereat class members will be able to obtain Notice of Class Action Settlement and submit online Claims. |
| [30 days after Claims Administrator receives class list from Defendant] | Deadline for Claims Administrator to mail out Notice of Class Action Settlement and Claim Form ("Notice Package") to Settlement Class members.[1] |
| [60 days after Notice Package was mailed] | Last day for Settlement Class members to opt out of class via mailing a written request for exclusion to Claims Administrator. |
| [60 days after Notice Package was mailed] | Last day for any Settlement Class member to submit a claim for their share of the Net Settlement Amount.[2] |
| [14 days before deadline to submit Claim Form] | Deadline for Claims Administrator to mail out Reminder Postcard to Settlement Class members who have not yet submitted to the Claims Administrator a Claim Form or Request for Exclusion |
| [21 days before Final Approval Hearing] | Last day for any Settlement Class member to object to the proposed class action settlement. |
| [15 days before Final Approval Hearing] | Deadline for Class Counsel to provide Court with copy of Claims Administrator's Declaration of Compliance, attesting to the completion of the notice process. |
| [7 days before Final Approval Hearing] | Last day to file a response to any objections submitted by Settlement Class members. |
| [~~TO BE DETERMINED~~] Friday, October 21, 2011 at 10:30 a.m. (California time) | Final Approval Hearing |

---

[1] If after being mailed out, any of the Notice Packages are returned as undeliverable, the terms of the Settlement require the Claims Administrator to resend to a forwarding address (if provided) and/or try to obtain a new address for that particular Settlement Class member via a computer search (aka "skip trace").

[2] This is the last day that claims may be submitted either by mail (postmarked on or before this date) or via the online website which is referenced in the Notice Package. However, if a Settlement Class member submits a deficient Claim Form, the Settlement provides that the Claims Administrator will send a deficiency notice to that Settlement Class member and that the class member shall have 21 days from the date of the deficiency notice in which to re-file a corrected Claim Form (either by mail or online). If the corrected Claim Form is still deficient, the Claims Administrator will send a second deficiency notice to the Settlement Class member, and the class member shall have an additional 21 days from the date of the second deficiency notice in which to re-file a corrected Claim Form.

| [Within 30 days after Settlement becomes effective[3]] | Deadline for Defendant to transfer to Claims Administrator the amount of the Settlement Fund, less Class Counsel's fees and litigation costs, and Service Payments to Class Representatives. The fees and costs for the Claims Administrator shall be paid out of the Settlement Fund. |
|---|---|
| [Within 30 days after Settlement becomes effective] | Deadline for Defendant to pay Class Counsel's fees and litigation costs and Service Payments to Class Representatives. |
| [Within 45 days after Settlement becomes effective] | Deadline for Claims Administrator to mail Settlement Awards to Settlement Class members who filed timely valid claims. |
| [Within 150 days after Settlement becomes effective] | Claims Administrator shall file with the Court and serve on Class Counsel and Defendant's Counsel "Proof of Payment." |

IT IS SO ORDERED.

DATED:   January 24, 2011         s/ Jack Zouhary
                                  Hon. Jack Zouhary
                                  United States District Court Judge

---

[3] If no written objections are filed, for most purposes, the effective date will be the date that the Court enters Final Judgment and Order of Dismissal with Prejudice.